IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **KORTUE C. SAMMY, SR.,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. SAG-25-0755 |
| | * | |
| **MARGARET WILLIAMS-SAMMY,** | * | |
| | * | |
| Defendant. | * | |

* * * * * * * * * * * * *

**MEMORANDUM OPINION**

Plaintiff Kortue C. Sammy, Sr. ("Plaintiff"), who is self-represented, filed this lawsuit against his ex-spouse, Margaret Williams-Sammy ("Defendant"), asking this Court to "revoke and set aside the order admitting the Defendant to United States citizenship and to cancel the said Certificate of Naturalization." ECF 1 at 3. Plaintiff alleges that his ex-spouse made fraudulent representations in her political asylum application and in the application for her dependent child. *Id*. at 5. Plaintiff cites two bases for this Court's exercise of subject matter jurisdiction over this case, "8 U.S.C. § 1451(a)" and "28 U.S.C. § 1345." *Id*. at 3. This Court finds that it lacks subject matter jurisdiction over this matter for the reasons addressed below.

Because Plaintiff is self-represented, all of his pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are

involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd* 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir. 1996); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a plaintiff because she is self-represented. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also Maryland v. Sch. Bd.*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (unpublished) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

The provision under which Plaintiff filed his suit, 8 U.S.C. § 1451, allows "United States attorneys for the respective districts . . . to institute proceedings in any district court of the United States . . . for the purpose of revoking and setting aside the order admitting such person to citizenship and canceling the certificate of naturalization" where an order was illegally procured. The provision provides no private right of action or ability for any citizen other than a United States attorney to seek that relief. Plaintiff's assertion that he will "invite the United States of America through the Immigration and Customs Enforcement as Plaintiff/Litigant" does not save his claim, which can only be brought by a United States attorney in the first instance. ECF 1 at 3.

Further, Plaintiff also cites 28 U.S.C. § 1345 as a possible basis for jurisdiction. *Id*. That provision affords this Court "original jurisdiction of all civil actions, suits or proceedings commenced by the United States." 28 U.S.C. § 1345. This action has been commenced by a private citizen, not the United States, and this Court's exercise of jurisdiction is not therefore authorized by 28 U.S.C §1345.

In the absence of any viable federal claim creating subject matter jurisdiction, Plaintiff's Complaint must be dismissed without prejudice. This case will be closed. A separate Order follows.

Dated: March 26, 2025

          /s/
Stephanie A. Gallagher
United States District Judge